IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DENNIS C. JACKSON, | ) | 8:15CV447 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SCOTT FRAKES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made seven claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: Petitioner was deprived effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's appellate counsel (1) failed to file a motion for rehearing in the Nebraska Court of Appeals; (2) failed to raise the issue of prosecutorial misconduct; (3) failed to assert that trial counsel was ineffective by failing to object to, request a curative instruction, or move for mistrial due to prosecutorial misconduct; (4) failed to allege that trial counsel was ineffective by not adequately preparing for trial, not conducting a thorough investigation, and by failing to interview and locate certain witnesses; (5) failed to allege that trial counsel was ineffective by not arguing that a witness was incompetent to testify; (6) failed to raise

|             | trial counsel's failure to interview Petitioner regarding his trial testimony; (7) failed to raise trial counsel's failure to obtain telephone records; (8) represented Petitioner despite having a conflict of interest; (9) failed to assert that the evidence was insufficient to convict Petitioner; (10) failed to argue that the jury instructions were improper; (12) failed to argue that the order on Petitioner's motion in limine was violated; and (13) failed to raise nine issues on petition for further review in the proper format and constitutional context. |
|---|---|
| Claim Two: | Petitioner was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments because trial counsel (1) failed to object to, request a curative instruction, or move for mistrial due to prosecutorial misconduct; (2) failed to adequately prepare for trial, investigate, interview, examine, locate, and subpoena certain witnesses; (3) failed to argue that a witness was not competent to testify at trial; (4) failed to fully interview Petitioner in relation to his testimony at trial; and (5) failed to obtain telephone records. |
| Claim Three: | Petitioner was denied a fair trial due to prosecutorial misconduct. |
| Claim Four: | The cumulative effect of the prosecutorial misconduct, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel denied Petitioner due process. |

Claim Five: Petitioner was denied effective assistance of counsel at sentencing because counsel (1) failed to review the pre-sentence report and discuss the report with Petitioner; (2) failed to investigate whether the information in the pre-sentence investigation report regarding Petitioner's prior criminal convictions was accurate; and (3) failed to raise the inaccuracies of Petitioner's prior criminal history and request an evidentiary hearing to correct the errors as requested by Petitioner.

Claim Six: Petitioner was denied due process when the trial court failed to inquire if Petitioner had the opportunity to read the pre-sentence investigation report and sentenced him based on an inaccurate criminal history.

Claim Seven: Petitioner was convicted based on insufficient evidence.

Liberally construed, the court preliminarily decides that Petitioner's seven claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

**IT IS THEREFORE ORDERED** that:

1. Upon initial review of the Petition (filing no. 1), the court preliminarily determines that Petitioner's claims are potentially cognizable in federal court.

2. The clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondent and the Nebraska Attorney General by regular first-class mail.

3. By **April 8, 2016**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 8, 2016**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

> A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.
>
> B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting

additional documents.  Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.  Petitioner may not submit other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **April 8, 2016,** Respondent must file <u>all</u> state court records that are relevant to the cognizable claims.  *See, e.g.*,

Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **May 10, 2016**: check for Respondent's answer and separate brief.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

7. Petitioner's Motion for State Court Records ([filing no. 2](filing no. 2)) is denied as moot in light of the foregoing. Petitioner may reassert a request for additional records after Respondent files a summary-judgment motion or answer in response to Petitioner's petition in accordance with this Memorandum and Order.

February 23, 2016.    BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge